## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID SOLORZANO and MYRIAM SOLORZANO,

    Plaintiffs,

v.

Case No.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION**

COMES NOW, Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter "Scottsdale"), a foreign corporation, by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice of removal of a civil action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and alleges as follows:

1. On or about January 25, 2023, Plaintiffs, David Solorzano and Myriam Solorzano, commenced this civil action against Defendant, Scottsdale, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. The matter is captioned *David Solorzano and Myriam Solorzano v. Scottsdale Insurance Company*, Case Number 2023-CA-000172 (the "State Court Action").

2. On January 31, 2023, Plaintiffs served the Chief Financial Officer of the State of Florida, as the statutory service of process agent for Scottsdale, with the Summons, Complaint, Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production, and Notice of Taking Corporate Representative's Deposition.

3. On February 2, 2023, the Chief Financial Officer of the State of Florida forwarded to Scottsdale, via electronic delivery, the Notice of Service of Process, Summons, Complaint, Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production, and Notice of Taking Corporate Representative's Deposition. See service documents attached hereto, namely the Complaint as **Exhibit "A"**, and the Notice of Service of Process, Summons, Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production, and Notice of Taking Corporate Representative's Deposition, included in the remaining state court documents as **Composite Exhibit "D"**. Pursuant to section 624.423(2), Florida Statutes, service of process on Scottsdale was effective, valid, and binding on February 2, 2023.

4. Plaintiffs describe themselves as "individuals who at all times material hereto have resided in Seminole County, Florida." *See* Ex. "A", ¶ 2. Moreover, Plaintiffs are the Named Insureds under the subject homeowner's property insurance policy issued by Scottsdale to Plaintiffs, Policy No. HOS1284249 (the "Policy"), which lists the certain real property located at 104 Fairway Ten Drive, Casselberry, Florida, 32707 (the "Property"), as their Residence Premises. *See* Ex.

"A", Homeowners Policy Declarations. Accordingly, Plaintiffs are domiciled in Florida and are citizens of Florida for diversity jurisdiction purposes.

5. Scottsdale is, and at all times pertinent hereto, has been a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Scottsdale is eligible to transact insurance business in the State of Florida pursuant to the Florida Surplus Lines Law, § 626.913, Fla. Stat., et seq. For purposes of diversity jurisdiction, Scottsdale is deemed to be a citizen of the State of Ohio under 28 U.S.C. §1332. See electronic records summary obtained from the Ohio Secretary of State Business Database, which is attached hereto as **Exhibit "E"**.

6. There is complete diversity of citizenship among the parties to the State Court Action. At the time of the commencement of the State Court Action and since that time, Plaintiffs were and are citizens of the State of Florida. The only Defendant, Scottsdale, was and is not a citizen of the State of Florida.

7. Further, the amount in controversy, including damages for the sole Defendant, exclusive of interest, attorney fees, and costs, exceeds the sum of $75,000.00.

8. In the State Court Action, Plaintiffs' Complaint asserts a cause of action for breach of contract under the Policy and allege that "[o]n or about May 7, 2022, while the Policy was in full force and effect, the Property sustained a covered loss as a result of windstorm." Plaintiffs seek damages with interest, costs, and attorney fees. *See* Ex. "A", ¶ 8 and Complaint's prayer for relief.

9.  Plaintiffs' allegations in the State Court Action are denied in their entirety, with the exception of those facts further discussed herein that are necessary to the removal of this action.

10. Specifically, on or about July 8, 2022, Scottsdale denied coverage for Plaintiffs' claim based on information received from Plaintiffs and its independent adjuster's inspection of the Property, during which no wind or hail damage to the roof or exterior of the dwelling was observed. On or about October 18, 2022, Scottsdale re-inspected the Property and observed long-term interior damages, which were the result of wear and tear, not a single occurrence on the reported date of loss. For these reasons, there were no covered damages, as defined by the Policy, that occurred at the Property.

11. On or about December 7, 2022, Plaintiffs' counsel provided two estimates of damages to Scottsdale, one from Apex Roofing & Restoration in the total amount of $43,375.39 and another from Pelican Property Solutions in the total amount of $50,484.34 (replacement cost value). Both estimates are attached hereto as **Composite Exhibit "F"**.

12. Plaintiffs submitted the Sworn Proof of Loss in the amount of $92,859.73 after consideration of the AOP deductible under the Policy. The Sworn Proof of Loss is attached hereto as **Exhibit "G"**.

13. Finally, Plaintiffs' counsel attached a civil cover sheet to the Complaint, which states that the amount of claim damages is between $75,001 and

$100,000. The civil cover sheet is included in the attached **Composite Exhibit "D"**.

14. Therefore, the total amount of damages in dispute between the parties, exclusive of interest, attorney fees, and costs, is $93,859.73.

15. In consideration of the foregoing, Scottsdale removed the case to this Court on February_, 2023, within 30 days of its receipt of Plaintiffs' Complaint. 28 U.S.C. § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, Scottsdale's Notice of Removal is timely filed.

16. This Court has original jurisdiction over this action, pursuant to the provisions of 28 U.S.C. § 1332(a) and (c), because the citizenships of the Plaintiffs and the sole Defendant are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney fees, and costs.

17. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Middle District of Florida embraces Seminole County, Florida, the place where this action is pending. Because this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings, motions, and orders of the State Court Action currently on file in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, are attached hereto, namely Scottsdale's Answer as **Exhibit "B"**, the Docket Sheet as **Exhibit "C"**, and all remaining state court documents, inclusive of the service documents named earlier, as **Composite Exhibit "D"**.

19. On February 27, 2023, Scottsdale filed its Notice of Filing Notice of Removal, Certification of Notice of Removal, and Notice to Counsel of Removal of a Civil Action with the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, copies of which are attached hereto as **Composite Exhibit "H"**.

WHEREFORE, Defendant, Scottsdale Insurance Company, prays that the above-styled action be removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: February 27, 2023.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

        */s/ Chancey O. Smith*
        Patricia A. McLean, Esq.
        Fla. Bar No. 129143
        Email: patricia.mclean@phelps.com
        Chancey O. Smith, Esq.
        Fla. Bar No. 122255
        Email: chancey.smith@phelps.com
        100 South Ashley Drive, Suite 2000
        Tampa, Florida 33602
        Telephone:  (813) 472-7550
        Facsimile:  (813) 472-7570
        *Attorneys for Defendant, Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing was served by e-mail to all parties on the Service List below.

        */s/ Chancey O. Smith*
        Attorney

**SERVICE LIST**

Natasha A. Rivera, Esq.
Anais Saavedra, Esq.
**YOUR INSURANCE ATTORNEY, P.L.L.C.**
2601 South Bayshore Drive, 5th Floor
Coconut Grove, Florida 33133
yia2@yourinsuranceattorney.com
nrivera@yourinsuranceattorney.com
anais@yourinsuranceattorney.com